## Doe, for the use of Harris vs Jones.

### Error to the Madison Circuit.

*Mesne Profits. Ejectment. Limitations. Bank Costs.*

Judge Marshall delivered the opinion of the Court—Judge Breck did not sit in this case.

This action of trespass for mesne profits was commenced against Jones on whom the declaration in the previous ejectment had been served in 1835, and also against Cross whose tenant he then was. In March 1836, Cross was made sole defendant as landlord of Jones and in room of the fictitious defendant Richard Roe. Upon the return

of no inhabitant, as to Cross the present action on motion of the plaintiff was abated as to him.   And Jones having pleaded not guilty and also the Statute of limitations; it was proved on the trial in addition to the foregoing facts that during the years 1835–6 and 7, he was the tenant of Cross at a yearly rent, that at the end of the last named year his tenancy ceased and he surrendered the possession to Cross and had never had it afterwards nor was he ever made a defendant in the action of ejectment.   That action terminated in favor of the plaintiff in April 1845, and this action for the *mesne* profits was commenced in June 1845 a few days after the execution of the writ of *habere facias.*   The Court instructed the Jury that if the defendant had not been in possession of the land within five years before the institution of the siut, they must find for him.

There can be no doubt that the Statute of limitation began to run in favor of Jones so soon as he surrendered the possession to his landlord.   He was liable only for the time he remained in possession.   And although the Plaintiff could not sue in this action untill he recovered the possession, he could not recover the *mesne* profits even against a party who had remained in possession up to the execution of the *habere facias,* for more than five years before the commencement of this action, if the statute of limitation were pleaded ;  ( *Tillinghast's Adams on Ejectment,* 333.)   Of course a party who had properly quit the possession more than five years before and had not had it within that period would be protected from all liability by the statute.   It seems from the authority just referred to that the proper form of the plea is "not guilty within five years," &c. which is evidently more appropriate tnan the averment of this plea, that the action did not accrue within five years.   It is clear however that this plea was regarded by the parties and the Court as presenting the defence fairly under the statute of limintation of five years.   And although not perhaps in the most appropriate form as applicable to the case, yet as it was evidently understood as referring not to the recovery of the possession which was only a few days before the action was brought, but to the period of the defendant's possession

The statute of limitation begins to run in behalf of a defendant, tenant in ejectment, so soon as he surrenders possession to his landlord.   In case he does not rent for more than five yeass before eviction, cannot be recovered.

which as against him constituted the real and only cause of action, and as both the court and Jury applied the plea to the possession of the defendant, and not to the recovery by the plaintiff, and as the verdict is unquestionably right and such as the Jury was bound to find upon the fact of possession, we think the form of the plea constitutes no ground for reversel.

*The costs of the ejectment suit is not recoverable against the tenant who may be in possession and served with a copy of the declaration, unless he be entered defendant·*

The costs of the ejectment were certainly not recovera ble against the defendant Jones who though served with the declaration in ejectment as the tenant in possession, and therefore bound by the proceding, never was a party to the suit, and had nothing to do with the defence ; and who having been the actual tenant of Cross who defended, had no right to deliver the possession to the plaintiff, but surrendered it to his landlord more than five years before the termination of the suit. Having ceased to be the tenant in possession for more than five years, he could not by any construction of the facts be regarded as in fault within five years or as having accasioned any costs within that period ; and therefore should not upon any just hypothesis be held liable for them, even if a tenant who remains passive while the landlord defends and holds the possession under him till the end of the contest might be liable for costs though never made a formal party.

Wherefore the judgment is affirmed.

*Turner* for plaintiff: *Caperton* for defendant.